IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALLAH BURMAN | : | |
|    Plaintiff, | : | |
| | : | |
|    v. | : | CIVIL NO. L-03-1165 |
| | : | |
| UNITED STATES OF AMERICA,: | | |
|    Defendant. | : | |
| | : | |

**MEMORANDUM**

Pending before this Court is Allah Burman's ("Burman") Motion for Return of Property. Because the issues have been fully briefed, the Court will dispense with a hearing. See Local Rule 105.6. For the reasons stated herein, the Court will: DENY the motion with regard to the jewelry and $6,000 in United States currency; RESERVE JUDGMENT regarding a Suzuki motorcycle and $15,000 in United States currency, pending the receipt of additional documentation from the government; and ORDER the government to RETURN to Burman $824 in United States currency that was seized from him at the time of his arrest.

**I.      Background**

On May 22, 2001, pursuant to a search and seizure warrant issued by the Honorable Calvin Botley, United States Magistrate Judge for the Southern District of Texas, law enforcement official seized several items from a home at 14406 Sequioa Bend in Houston, Texas. Among the items seized were United States currency, jewelry, and a motorcycle. Related to that search and seizure, several people, including Allah Burman, were indicted for conspiracy to distribute and possession with intent to distribute cocaine. On January 29, 2003, after a two-and-a-half week trial, a jury convicted Burman on both counts.

On April 17, 2003, Burman filed the instant motion seeking the return of: (i) assorted

jewelry; (ii) a 2001 Suzuki GSXR 750 motorcycle; (iii) $824 in U.S. currency, and (iv) $26,000 in U.S. currency.[1]

Burman claims that he is entitled to the property pursuant to Federal Rule of Criminal Procedure 7(c)(2) and 18 U.S.C. "§ 983(F)."[2]

Rule 7(c)(2) is not applicable to this matter; it applies only to a judgment of forfeiture entered in a criminal proceeding. In the instant case, the property at issue was forfeited through administrative proceedings, pursuant to 18 U.S.C. § 983. The Court will, therefore, only address whether the government failed to notify Burman in accordance with 18 U.S.C. § 983.[3]

Generally, a district court lacks jurisdiction over administrative forfeiture proceedings unless the petitioner alleges that the government failed to provide him with adequate notice of

---

[1] Burman provides "asset id numbers" for the first three items, but not the $26,000.

[2] It is unclear which part of the statute Burman invokes to support his claim. He writes "983(F)," which could refer to §983(f), addressing immediate release of seized property. However, in his motion, Burman quotes § 983(a)(1)(F) which reads:

> If the Government does not send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted, the Government shall return the property to that person without prejudice to the right of the Government to commence a forfeiture proceeding at a later time. The Government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess.

Because the government contends that they commenced administrative forfeiture proceedings with regard to these items, the Court will construe Burman's motion as a claim under 18 U.S.C. § 983(e).

[3] Burman also claims that the search warrant was invalid, and that the grand jury that indicted Burman was misled by false testimony and inadmissable evidence. The Motion for Return of Property is not the appropriate place for these claims, which appear to attack his arrest, trial, and conviction. These are claims properly brought on direct appeal or in a proceeding pursuant to 28 U.S.C. § 2255.

the forfeiture.[4]  Under 18 U.S.C. § 983(e), a party who is entitled to receive notice, but does not, is allowed to move the court to set aside the forfeiture.  The Court shall construe Burman's motion as a motion to set aside the forfeiture because he alleges that he did not receive proper notice.

**II.     Standard**

In an administrative forfeiture proceeding, the government is not required to prove that the party actually received notice of the pending forfeiture.[5]  Instead, the government must show that its efforts to provide notice were "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action."[6]  Determining whether these efforts were adequate "mandates a context-specific inquiry."[7]

**III.    Analysis**

A. The Jewelry

On July 20, 2001,[8] the DEA sent notice by certified mail to Allah Burman at (i) 14407 Sequoia Bend in Houston, Texas, (ii) The Law Offices of Ronald Green, Esq. in Houston,

---

[4]     This would violate Burman's due process rights.  See United States v. Minor, 228 F.3d 352, 355-57 (4th Cir. 2000); Ibarra v. United States, 120 F.3d 472, 474-76 & n.4 (4th Cir. 1997).

[5]     Dusenbery v. United States, 534 U.S. 161, 168-71 (2002); Minor, 228 F. 3d at 358.

[6]     Dusenbery, 534 U.S. at 168 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

[7]     Minor, 228 F.3d at 358.

[8]     Less than 60 days after the property was seized, as required by 18 U.S.C. § 983(a)(1)(A).

3

Texas,[9] and (iii) the Federal Detention Center (FDC) in Houston, Texas. Someone named "Edward" signed for the notice at 14407 Sequoia Bend[10]; a T. Anderson at Mr. Green's office also signed for the letter.[11] The other two were returned unclaimed.[12] The letter to the FDC was signed for (the name is unreadable), but several days later the notice was sent back, stamped "return to sender." The DEA also published notice in *The Wall Street Journal* on August 13, 20, and 27, 2001.[13]

On December 21, 2001, the DEA again sent notice to Allah Burman at (i) the Maryland Correctional Adjustment Center (MCAC) in Baltimore, Maryland, and (ii) the Law Offices of Thomas J. Saunders in Baltimore, Maryland,[14] and (iii) 14407 Sequoia Bend in Houston, Texas. The notice sent to MCAC was signed for by Tamika Scully.[15] On May 8, 2003, the DEA forfeited the jewelry.[16]

In addition to sending notices to a residential address and to his attorney, the government sent notice to the prison where they believed Burman was detained. When only the attorney's office signed for the notice, the government sent new notices, including to Burman's new

---

[9]    Mr. Green, an attorney in Houston, Texas, was Burman's counsel at that time.

[10]   Gov't Ex. 143.   Although the full name on the return receipt is not legible, the first name is Edward.

[11]   Gov't Ex. 145

[12]    Gov't Ex. 147.

[13]   Supplemental Declaration of Vicki L. Rashid, Ex.154

[14]   Thomas Saunders was Burman's trial counsel until March 22, 2002.

[15]   Supplemental Declaration of Vicki L. Rashid, Ex. 156.

[16]   Supplemental Declaration of Vicki L. Rashid, Ex. 162.

attorney and to the new location where they believed Burman was detained. A prison official signed for the notice. Without any indication to the contrary, it is reasonable for the government to assume that the notice sent to the MCAC was delivered to Burman in the ordinary course of business. The government more than adequately met its obligations to provide notice to Burman. Accordingly, the motion for return of the jewelry is denied.

      B. The Suzuki Motorcycle

An affidavit attached to the government's Response to Defendant's Motion for Return of Property states that notice of seizure was published on July 23 and 30, 2001, and August 6, 2001, and that notice "was sent to each party who appeared to have an interest in [this property]."[17] The government has not, however, provided documentation to show when and to where it sent these notices. The Court cannot, therefore, determine whether the government met its obligations. Accordingly, the within 60 days from the date of this Order, the government shall provide documentation that its efforts to provide notice were "reasonably calculated, under all the circumstances, to apprise [Burman] of the pendency of the action."[18]

      C. $26,000 U.S. Currency

Burman provides no DEA identification number for the $26,000 in U.S. currency for which he seeks the return. The government has supplied an affidavit that DEA records do not reflect the seizure of $26,000 from Burman.[19] The government acknowledges, however, that agents seized $21,000 from the house at 14407 Sequoia Bend: $6,000 from one safe, and

---

[17] Docket No. 3, Ex. 2.

[18] Dusenbery, 534 U.S. at 168 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

[19] Docket No. 3, Ex. 4.

5

$15,000 from another. The Court will assume that this is the money to which Burman refers.

      1. $6,000 U.S. Currency

On July 6, 2001, the DEA sent notice by certified mail to Allah Burman at (i) 14407 Sequoia Bend in Houston, Texas, (ii) The Law Offices of Ronald Green, Esq. in Houston, Texas, and (iii) the Federal Detention Center in Houston, Texas. T. Anderson at Mr. Green's office signed for the letter; the other two were returned unclaimed.[20]

On November 26, 2001, the DEA sent notice by certified mail to Allah Burman at (i) the Maryland Correctional Adjustment Center (MCAC) in Baltimore, Maryland, and (ii) the Law Offices of Thomas J. Saunders in Baltimore, Maryland. Someone at MCAC signed for the letter (the first name is Karen, the last name is illegible); the letter to Saunders's office was returned unclaimed.[21] Notice was also published in *The Wall Street Journal* on July 23, July 30, and August 6, 2001.[22] On March 11, 2002, the DEA forfeited the $6,000.

Again, in addition to sending notices to a residential address and to his attorney, the government sent notice to the prison where they believed Burman was detained. When only the attorney's office signed for the notice, the government sent new notices, including to Burman's new attorney and to the new location where they believed Burman was detained. A prison official signed in receipt of the notice. Without any indication to the contrary, it is reasonable for the government to assume that the notice sent to the MCAC was delivered to Burman in the ordinary course of business. The government more than adequately met its obligations to

---

[20]     Supplemental Declaration of Vicki L. Rashid, Ex. 89, 91, 93.

[21]     Supplemental Declaration of Vicki L. Rashid, Ex. 101, 103.

[22]     Supplemental Declaration of Vicki L. Rashid, at 4.

provide notice to Burman.

### 2. $15,000 U.S. Currency

In the Response to Defendant's Motion to Return Property, the government acknowledges that the $15,000 is "the subject of administrative forfeiture proceedings."[23] The government has provided no further information about these proceedings, however, and must supplement the record. Within 60 days from the date of this Order, the government shall provide documentation that its efforts to provide notice were "reasonably calculated, under all the circumstances, to apprise [Burman] of the pendency of the action."[24]

### D. $824 U.S. Currency

The government contends that they offered to return the $824, which was seized from Burman's wallet at the time of his arrest on May 22, 2001. The government sent Burman a "settlement agreement" on February 11, 2003 wherein it agreed to return the property in exchange for a promise to indemnify and hold harmless the government for any claims arising out of the money's seizure. Burman never signed the agreement. The government, however, has provided no proof that Burman received the agreement. Furthermore, the government has provided no evidence that the $824 is the subject of a forfeiture proceeding or that Burman is not entitled to it. Accordingly, the $824 that was seized from his person when he was arrested on May 22, 2001, shall be returned to him promptly.

---

[23]   Docket No. 3, at 3.

[24]   Dusenbery, 534 U.S. at 168 (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). Documents of the type provided for the jewelry and the $6,000 will likely suffice.

**IV.     Conclusion**

The government has shown that it provided adequate notice to Burman with regard to the forfeited jewelry and the $6000.  Burman's motion with regard to these items is DENIED.  The government has not shown, however, that it provided adequate notice to Burman with regard to the forfeiture of the Suzuki motorcycle or the $15,000.  Accordingly, the Court will POSTPONE JUDGMENT and give the government 60 days from the date of this Memorandum and Order to provide the requisite evidence.  The government will RETURN the $824 that agents seized from Burman at his arrest.


Dated this 14th day of August, 2006

                                                                    /s/
                                                            Benson Everett Legg
                                                            Chief Judge